IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **DARWIN BLACK,**<br><br>          Plaintiff,<br>vs.<br><br>**FIRST CHOICE FINANCIAL, LLC; US BANK HOME MORTGAGE aka US BANK NATIONAL ASSOCIATION aka US BANCORP.,**<br><br>          Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:11CV6 DAK |

This matter is before the court on the U.S. Bank Defendants' Motion to Dismiss. A hearing on the motion was held on August 24, 2011.  At the hearing, the U.S. Bank Defendants were represented by Jeffery S. Williams, and Plaintiff Darwin Black was represented by Matthew G. Wadsworth.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

On December 9, 2009, Mr. Black borrowed $376,804.00 from First Choice Financial, LLC and signed a promissory note (the "Note") in connection with the loan.  The Note is secured by a Deed of Trust that encumbers Plaintiff's property in Davis County, Utah.  Plaintiff used the loan proceeds to refinance a prior loan secured against his residence.  The Note and Trust Deed have since been assigned to U.S. Bank, and Plaintiff is in default.

In the instant lawsuit, Plaintiff asserts five causes of action, including two claims based on the Real Estate Settlement Procedure Act ("RESPA") and three claims based on the Truth in Lending Act ("TILA"). At the hearing on the motion, Plaintiff withdrew his RESPA claims (which are the first and second causes of action), and thus those claims are dismissed. Accordingly, the court will address only the TILA claims, which are characterized in the Amended Complaint as a claim for declaratory relief, violations of TILA and Regulation Z, and negligence. The declaratory judgment and negligence claims are based substantively on Plaintiff's theory that U.S. Bank violated TILA. While Plaintiff's request for declaratory judgment may remain, no separate action exists for negligence apart from the alleged TILA violations. Therefore, Plaintiff's TILA negligence claim (the Fifth Cause of Action) is dismissed.

In the remaining two claims, Plaintiff alleges that U.S. Bank is liable for a host of purported TILA violations for certain undisclosed or improper fees and charges associated with the origination of his loan. Plaintiff seeks both damages and the right of rescission in accordance with a "Notice of Rescission and Offer to Tender" that was allegedly sent to U.S. Bank in September 2010. As discussed below, the court dismisses all Plaintiff's claims but grants leave to amend his disclosure-related TILA rescission claim if he can allege that he has the ability to tender the loan proceeds.

**DISCUSSION**

TILA allows for monetary damages "[i]n any action in which it is determined that a

creditor has violated this section, in addition to rescission[,] the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." 15 U.S.C. § 1635(g). A claim for monetary relief must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

To the extent Plaintiff has based his alleged TILA violations on Defendant's failure to make material disclosures, the claim is time-barred. Plaintiff obtained his loan on December 9, 2009, and thus any disclosure-related violation would have occurred on that date. Plaintiff filed the instant lawsuit on January 11, 2011, which is beyond the one-year limitations period.[1]

In addition, Plaintiff appears to claim that Defendant's failure to rescind–after Plaintiff sent a Notice of Rescission– entitles him to monetary damages. Plaintiff is correct that a failure to rescind constitutes a separate violation of TILA. *See*, *e.g.*, *Tacheny v. Marshall & Ilsley Bank*, No. 10–CV–2067, 2011 WL 1657877, at *5 (D.Minn. Apr. 29, 2011) ("If defendants acted unlawfully in refusing to rescind the Loan, their refusal was an independent TILA violation." (citing *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir.2002); *De Vary v. Countrywide Home Loans, Inc.*, 701 F.Supp.2d 1096, 1103 (D.Minn.2010))). Thus, if Plaintiff was able to prove that he properly rescinded the loan and that Defendants acted unlawfully in refusing to rescind, Plaintiff's claim for money damages would be timely filed because he filed this action within one year of his alleged Notice of Rescission, which was allegedly sent on September 15, 2010.

Even assuming, however, that Plaintiff had a right to rescind, his Notice of Rescission

---

[1] Moreover, Plaintiff has not alleged any factual ground (such as fraudulent concealment) that would justify tolling the statute of limitations.

was inadequate for purposes of imposing liability on Defendant for refusing to rescind because Plaintiff did not tender the loan proceeds. Although the court recognizes that the Tenth Circuit has yet to address the issue, *see Smith v. Argent Mortgage Co.*, 331 Fed. Appx. 549, 557 n .5 (10th Cir.2009), this court has previously held in another case that

> equity requires that the [plaintiffs] allege their ability to repay the loan amount. The [plaintiffs] have not alleged their ability to repay the loan. Instead, they claim that they satisfied this equitable requirement by alleging their ability and willingness to convey the property to [the defendant] because the property itself constitutes the "loan proceeds." This novel argument fails. In the transaction between the [plaintiffs] and [the credit union] the loan proceeds are the amount of money that [the credit union] gave the [plaintiffs] in return for a mortgage interest in the [plaintiffs'] house. The [plaintiffs] received money, not a house. Their argument that a borrower can meet the repayment requirement by conveying the property instead of repaying the loan is not supported by case law. Because the [plaintiffs] have not alleged their ability to repay the loan, their rescission claim fails and must be dismissed.[2]

*Sanders v. Ethington*, 2010 WL 5252843 (D. Utah Dec. 16, 2010); *see also Jobe v. Argent Mortgage Co.*, 373 Fed. Appx. 260, 262 (3d Cir.2010) (holding that even if the lender violated TILA, rescission was inappropriate because the borrowers were unable to return the money); *Am. Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 820-21 (4th Cir.2007) (holding that rescission was inappropriate because the borrowers were unable to repay the loan); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir.2003) (holding that a district court did not abuse its discretion in a TILA case when it required the borrower to show her ability to repay the loan proceeds); *Williams v. Homestake Mortg. Co.*, 968 F.2d 1137, 1142 (11th Cir.1992) (holding that the court

---

[2] Plaintiff's counsel in the instant case represented the plaintiff in *Sanders* and has appealed the court's decision, perhaps giving the Tenth Circuit an opportunity to address the issue.

could impose conditions on rescission, and instructing the district court to take into account whether the borrower could repay the principal).

Here, because counsel for Plaintiff stated at the hearing on this motion that Plaintiff indeed had the ability to repay the loan, and because the court finds that Plaintiff's disclosure-related TILA claim (discussed below) survives this motion, the court will permit Plaintiff to file a Second Amended Complaint, if he is able to allege his ability to repay the loan proceeds.

Having concluded that Plaintiff's TILA disclosure-related damages claim is time-barred and that he is not entitled to damages for Defendant's alleged refusal to rescind, Plaintiff's remaining claims pertain to his alleged right to rescind under TILA. Plaintiff had three days following consummation of the loan transaction to rescind the transaction. 15 U.S.C. § 1635(a). Pursuant to TILA, this three-day period will be extended to three years if the lender fails to deliver to the borrower "all material disclosures" or "two copies of the notice of the right to rescind." 12 C. F. R. § 226.23(a)(3), (b)(1). Here, Plaintiff has alleged that certain material disclosures were not made, and that he therefore has three years from the date of the loan to rescind and his claims were timely filed.[3]

---

[3] Plaintiff argues in his Memorandum in Opposition that, in addition to failing to make certain material disclosures, the Lender also did not provide him with two signed copies of the Notice of Right to Cancel ("NRC"). He also contends that the court must, at this point, accept this allegation as true.

While Plaintiff is correct that a signature on a document acknowledging receipt "does no more than create a rebuttable presumption of delivery thereof," 15 U.S.C. § 1635(c), there are two problems with his claim pertaining to not receiving two copies of the NRC.

First, there is no such allegation in Plaintiff's Amended Complaint pertaining to not receiving two copies of the NRC. Plaintiff may not raise new claims in his opposition to Defendant's motion to dismiss. *See, e.g., Greenidge v. Allstate Ins. Co*. 446 F.3d 356, 361 (2nd

While Plaintiff has certainly alleged that certain disclosures were not made, Defendant has attached a copy of the Settlement Statement and the Truth in Lending Disclosure for Real Estate Mortgage Loan, which appear to disclose much–if not all–the information about which Plaintiff now complains. To complicate matters, many of Plaintiff's allegations are unclear or confusing. Because this is a motion to dismiss, and the court must accept Plaintiff's disclosure-related allegations as true, the court cannot dismiss the disclosure-related TILA claims (the Third and Fourth Causes of Action) at this juncture.[4] Defendants contend that Plaintiff was required to come forward with additional evidence in light of Defendant's attachment of the documents in dispute, but it is in the context of a motion for summary judgment that Plaintiff must come

---

Cir. 2006); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1183, at 23 n. 9 (3d ed. 2004).

Second, even if this claim were properly before the court, there is no requirement in TILA that a borrower receive two *signed* copies of the NRC; only that the borrow receive two copies. *See* 12 C.F.R. § 226.23(b). Plaintiff did not suggest in his opposition memorandum that he did not receive two copies. Therefore, there does not appear to be any basis for a TILA rescission claim grounded on an alleged failure to provide two copies of the NRC. If Plaintiff inadvertently omitted such an allegation in his Complaint and then mis-spoke in his opposition brief, he may include such an allegation in his Second Amended Complaint, keeping in mind the presumption of receipt created by the signed copy.

[4] For example, among many other allegations, Plaintiff claims that:

- "the APR was wrong";
- "[b]ecause the payments are ranged, the APR and Finance Charge are wrong";
- "Lender . . . failed to include in the itemization of amount financed the dollar amounts for the following fees "; and
- there was a significant discrepancy in the amount of the "full first payment" as stated by the Original Lender and the amount on the Note and the range listed on the Truth in Lending Disclosure."

The court must accept such allegations as true for purposes of the instant motion.

forward with evidence to create a genuine issue of material fact.  If Plaintiff files a Second Amended Complaint, Plaintiff is urged to clarify, relative to the documents at issue, what material disclosures were not made or how they were incorrect.  If appropriate, Defendant then may file a motion for summary judgment on Plaintiff's remaining claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the U.S. Bank Defendants' Motion to Dismiss [Docket No. 19] is GRANTED in part and DENIED in part.  Plaintiff's First, Second, and Fifth Causes of Action are DISMISSED with prejudice.   Plaintiff's Fourth and Fifth Causes of Action are dismissed without prejudice, and Plaintiff is granted leave to amend his Complaint as to those two causes of action if he is able to allege that he has the ability to tender the loan proceeds.

DATED this 17th day of November, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge